UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MBS SORRENTO FIELD INTERESTS, LLC<br>AND HUGH B. O'CONNOR | CIVIL ACTION |
| VERSUS | NO. 16-833-SDD-RLB |
| MOTIVA ENTERPRISES LLC | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 5, 2017.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MBS SORRENTO FIELD INTERESTS, LLC AND HUGH B. O'CONNOR** | **CIVIL ACTION** |
| | **NO. 16-833-SDD-RLB** |
| **VERSUS** | |
| **MOTIVA ENTERPRISES LLC** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand filed by Plaintiffs MBS Sorrento Field Interests, LLC ("MBS Sorrento") and Hugh B. O'Connor (collectively, "Plaintiffs"). (R. Doc. 3). The motion is not opposed and Defendant Motiva Enterprises LLC acknowledges that remand is appropriate. (R. Doc. 7).

**I.     Procedural History and Arguments of the Parties**

This action was commenced on October 26, 2016 when Plaintiffs MBS Sorrento Field Interests, LLC and Hugh B. O'Connor filed a Petition in the 23rd Judicial District Court, Ascension Parish, alleging, among other things, damages resulting from the Defendant's unlawful assertion of mineral rights in Plaintiffs' land. (R. Doc. 1-1 at 2-9). The Petition alleges that MBS Sorrento is a limited liability company organized in Louisiana and that Plaintiff O'Connor is a citizen of East Baton Rouge Parish, Louisiana.

On December 9, 2016, Defendant Motiva removed this matter to this Court and alleged that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (R. Doc. 1). No other basis of jurisdiction is alleged. The Notice of Removal stated that the parties were diverse and alleged that MBS Sorrento is a limited liability company organized under the laws of Louisiana and that Hugh B. O'Connor, a citizen of Louisiana, is both the manager of MBS Sorrento and an individual Plaintiff. Defendant Motiva provided that it is also a limited liability

company and identified its two members: (i) Shell Oil Company, a Delaware corporation with a principal place of business in Texas; and (ii) Saudi Refining, Inc., a Delaware corporation with a principal place of business in Texas.  Defendant Motiva stated that the amount in controversy exceeds $75,000, exclusive of interests and costs.[1]

On December 14, 2016, the instant Motion to Remand was filed. (R. Doc. 3).  The Motion to Remand asserts that the citizenship of MBS Sorrento was not properly alleged in the Notice of Removal.  The citizenship of a limited liability company is determined by the citizenship of all of its members.  The Plaintiffs provide documentary support identifying each of the members of MBS Sorrento, including one member, Kevin Cuccia, who is a citizen of Texas.  Because MBS Sorrento has Texas citizenship, and because both members of Defendant Motiva Enterprises LLC have Texas citizenship, there is not complete diversity in this matter.

On December 22, 2016, the Court *sua sponte* noted the insufficiency of the allegation of citizenship in the Notice of Removal, as it failed to allege all of the individual members of MBS Sorrento and their citizenship. (R. Doc. 5).  Defendant Motiva was ordered to submit an Amended Notice of Removal on or before January 4, 2017 setting forth all particulars of citizenship required to sustain federal diversity jurisdiction, and also to file any response or opposition to the Motion to Remand by that same date.

On January 4, 2017, Defendant Motiva filed its response to Plaintiffs' Motion to Remand and acknowledged that, based on MBS Sorrento's representation as to its Texas citizenship, complete diversity does not exists and remand is appropriate.  Defendant Motiva also filed an Amended Notice of Removal, identifying the members of Plaintiff MBS Sorrento. (R. Doc. 6).[2]

---

[1] Neither party disputes that the amount in controversy needed to sustain jurisdiction is satisfied.  Accordingly, this report and recommendation is limited to whether there is complete diversity of citizenship necessary for federal jurisdiction.
[2] The Court notes that the Amended Notice of Removal provides the place of residence of the individual members of

The Notice of Removal adopted the members of MBS Sorrento set forth in the Motion to Remand, including Kevin Cuccia, for the purpose of determining the complete citizenship of that entity.

## II.     Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).  The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

When jurisdiction depends on citizenship, the citizenship of each party must be "distinctly and affirmatively" alleged in accordance with § 1332(a) and (c). *Stafford v. Mobil Oil*

---

MBS Sorrento Field Interests, LLC.  One of the individual members is identified as a resident of Texas. (R. Doc. 6 at 2).  A party invoking diversity jurisdiction must allege the *citizenship* of an individual.  An individual's citizenship is determined by his or her domicile, rather than residence.  *See Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793, 799 (5th Cir. 2007).  That said, Defendant Motiva does not contest Plaintiffs' assertion that Kevin Cuccia is a citizen of Texas.  Also, the burden of establishing jurisdiction rests with the Defendant as the party seeking to invoke this Court's jurisdiction and any deficiency in those allegations further support remand.

*Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (quoting *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)).  Failure adequately to allege the basis for diversity jurisdiction mandates remand.

"The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather,* 404 F.2d 267, 272 (5th Cir. 1968)).  The citizenship of an LLC is determined by the citizenship of all of its members.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

In the instant case, there is no dispute that the citizenship of Defendant Motiva is determined by the citizenship of its two members, Shell Oil Company and Saudi Refining, Inc.  Both of these members are Delaware corporations with a principal place of business in Texas.  As such, the citizenship of Defendant Motiva is both Delaware and Texas.  If any Plaintiff has citizenship of Delaware or Texas, then complete diversity is not present.

The citizenship of Plaintiff O'Connor is Louisiana.  The citizenship of Plaintiff MBS Sorrento is determined by the citizenship of each of its members.  There is no dispute that one of those members, Mr. Kevin Cuccia, is a citizen of Texas.  Because there is a plaintiff that is a citizen of the same state as a defendant, diversity of citizenship does not exist and this Court does not have jurisdiction.

### III.   Conclusion

Based on the foregoing, the Court concludes that both Plaintiff MBS Sorrento and Defendant Motiva Enterprises LLC were citizens of Texas at the time of removal, and, accordingly, there is not complete diversity between the parties. Therefore,

**IT IS RECOMMENDED** that the Motion to Remand (R. Doc. 3) be **GRANTED,** and the action be **REMANDED** to the 23rd Judicial District Court, Ascension Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on January 5, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**